J-S33017-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
JOSEPH SIMMONS :
:
Appellant : No. 271 EDA 2025

Appeal from the PCRA Order Entered January 2, 2025
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0001195-2019

BEFORE: BOWES, J., NICHOLS, J., and BECK, J.

MEMORANDUM BY NICHOLS, J.:                    **FILED NOVEMBER 24, 2025**

Appellant Joseph Simmons appeals from the order denying his first Post-Conviction Relief Act[1] (PCRA) petition. On appeal, Appellant claims that the PCRA court erred by denying his claim that trial counsel was ineffective and by not holding an evidentiary hearing. After review, we affirm on the basis of the PCRA court opinion.

The facts of the case are well known to the parties. Briefly, Appellant was convicted of aggravated assault, firearms not to be carried without a license, carrying firearms on public streets or public property in Philadelphia, possessing instruments of crime (PIC), simple assault, recklessly endangering another person, and persons not to possess, use, manufacture, control, sell

_____

[1] 42 Pa.C.S. §§ 9541-9546.

or transfer firearms[2] in relation to the July 16, 2018 shooting of Ronald McCutchen in Philadelphia. *See Commonwealth v. Simmons*, 2132 EDA 2021, 2022 WL 6919619, at *1 (Pa. Super. filed Oct. 12, 2022) (unpublished mem.).

On March 9, 2021, Appellant was found guilty of the above stated charges. *Id.* at *2. Appellant filed a direct appeal, and a previous panel of this Court affirmed his judgment of sentence on October 12, 2022. *Id.* at *6. Our Supreme Court denied Appellant's petition for allowance of appeal on February 1, 2023. *See Commonwealth v. Simmons*, 291 A.3d 1202, 309 EAL 2022 (Pa. filed Feb. 1, 2023).

On October 26, 2023, Appellant filed a timely[3] *pro se* PCRA petition, his first. Peter A. Levin, Esq. was appointed to represent Appellant and, thereafter, filed an amended PCRA petition on March 15, 2024. On December 2, 2024, the PCRA court issued a notice, pursuant to Pa.R.Crim.P. 907,

---

[2] 18 Pa.C.S. §§ 2702(a), 6106(a)(1), 6108, 907(a), 2701(a), 2705, and 6105(a)(1), respectively.

[3] Appellant's judgment of sentence became final on May 2, 2023, ninety days after our Supreme Court denied his petition for allowance of appeal. *See* 42 Pa.C.S. § 9545(b)(3) (stating that "a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review"); *see also* U.S.Sup.Ct. Rule 13 (stating that a petition for writ of certiorari is timely filed when it is filed within ninety days after the entry of the order denying discretionary review in the state court of last resort). Accordingly, Appellant had until May 2, 2024 to timely file his PCRA petition. *See* 42 Pa.C.S. § 9545(b)(1). Since Appellant filed his PCRA petition on October 26, 2023, his petition is timely.

notifying Appellant of its intent to dismiss his PCRA petition without a hearing. The PCRA court dismissed Appellant's petition on January 2, 2025. Appellant filed a timely notice of appeal. Both Appellant and the PCRA court complied with Pa.R.A.P. 1925.

Appellant raises the following issues for our review:

1. Whether the [PCRA] court was in error in denying [Appellant's claim that] trial counsel was ineffective in representation of Appellant for failing to litigate a motion to suppress identification[?]

2. Whether the PCRA court was in error in failing to conduct an evidentiary hearing[?]

Appellant's Brief at 7 (citation omitted and some formatting altered)

[O]ur standard of review from the denial of a PCRA petition is limited to examining whether the PCRA court's determination is supported by the evidence of record and whether it is free of legal error. The PCRA court's credibility determinations, when supported by the record, are binding on this Court; however, we apply a *de novo* standard of review to the PCRA court's legal conclusions.

***Commonwealth v. Sandusky***, 203 A.3d 1033, 1043 (Pa. Super. 2019) (citations omitted and formatting altered).

Following our review of the record, the parties' briefs, the relevant law, and the trial court's well-reasoned analysis, we affirm on the basis of the trial court's opinion.[4] Specifically, we agree with the PCRA court's conclusion that

_____

[4] We note that the PCRA court opinion contains several minor errors. On page 3, the date of the Court's 907 notice should be changed as the record reflects it was filed on December 2, 2024, not December 12. On page 4, the citation
*(Footnote Continued Next Page)*

Appellant's ineffective assistance of trial counsel claim for failing to suppress two identifications was without arguable merit. *See* PCRA Ct. Op., 4/1/25, at 3. We agree that Ms. Tripline's identification was not the product of an unduly suggestive identification process because her identification was supported by an independent basis, her personal knowledge of Appellant. *See id.* at 5-7. Additionally, we agree that the identification made by Ms. Tripline's minor daughter was supported by ample evidence showing that it was reliable, not improperly influenced by Ms. Tripline's identification, and, therefore, Appellant cannot show that it was the product of an unduly suggestive identification procedure. *See id.* at 7-8. Further, we agree with the PCRA court's conclusion that an evidentiary hearing would be unnecessary because Appellant's claim does not present a genuine issue of material fact, and a hearing would serve no legitimate purpose. *See id.* at 8-9. Therefore, we determine that the PCRA court's conclusions are supported by the record and free of legal error. *See Sandusky*, 203 A.3d at 1043. Accordingly, we affirm.[5]

---

to *Commonwealth v. Turetsky* should have a pin cite to page 880. On page 7, the citation at the end of the first paragraph should read "N.T., 3/5/21, at 125, 128, 130." Additionally, the citation to *Commonwealth v. Wilkinson* should have a pin cite to page *4. The correct reporter number for *Commonwealth v. Jones* is 426 A.2d 1167. On page 8, the citation to the record should include pin cites to 23-27 as well as an additional citation to N.T., 3/5/21, at 121-23. Additionally, the quoted language from *Commonwealth v. Roney* in the final sentence of the second to last paragraph on the page begins between "Thus," and "to."

[5] The parties are directed to attach a copy of the PCRA court's opinion in the event of further proceedings.

Order affirmed.  Jurisdiction relinquished.

Judgment Entered.

_Benjamin D. Kohler_

Benjamin D. Kohler, Esq.
Prothonotary

Date: 11/24/2025

IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY
FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
TRIAL DIVISION -- CRIMINAL SECTION

Commonwealth of Pennsylvania      :      CP-51-CR-0001195-2019

     :

v.      :

     :      SUPERIOR COURT NO:

Joseph Simmons      :      271 EDA 2025

## OPINION

Ehrlich, J.

Joseph Simmons, hereinafter referred to as "Appellant," has filed an appeal from this

Court's Order dismissing his petition without a hearing, which sought relief pursuant to the Post

Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541 *et seq.*

### Factual and Procedural History

On March 9, 2021, this Court found Appellant guilty of one (1) count each of Aggravated

Assault[1], Possessing Instruments of Crime (PIC)[2], Simple Assault[3], Recklessly Endangering

Another Person (REAP)[4], and three (3) violations of the Uniform Firearms Act: Firearms Not To

Be Carried Without a License (VUFA § 6106)[5], Carrying Firearms on Public Streets or Public

Property in Philadelphia (VUFA § 6108)[6], and Possession of Firearm Prohibited (VUFA §

---

[1] 18 Pa.C.S.A. § 2702(a)
[2] 18 Pa.C.S.A. § 907(a).
[3] 18 Pa.C.S.A. § 2701(a)
[4] 18 Pa.C.S.A. § 2705
[5] 18 Pa.C.S.A. § 6106(a)(1).
[6] 18 Pa.C.S.A. § 6108.

**FILED**

APR 0 1 2025

Appeals/Post Trial
Office of Judicial Records

1

6105)[7]. N.T. 3/9/21, at 3-4. This Court previously summarized the facts supporting Appellant's convictions as follows:

> On July 16, 2018, [Appellant] fired shots at Ronald McCutchen outside the home of Mr. McCutchen's mother at 1857 East Tioga Street in Philadelphia. Two (2) eyewitnesses testified to witnessing [Appellant] and Mr. McCutchen argue about money before [Appellant] subsequently shot Mr. McCutchen twice in the abdomen. These eyewitnesses identified [Appellant] as the shooter to Philadelphia Police Officers when they arrived at the scene and after [Appellant] fled. Four (4) months later, [Appellant] was pulled over for a routine traffic stop, identified as being wanted in connection to the shooting, and subsequently arrested.

> On March 9, 2021, this Court found [Appellant] guilty of Aggravated Assault, [PIC], Simple Assault, [REAP], [VUFA § 6106], [VUFA § 6108], [and VUFA § 6105]. At [Appellant's] trial, the Commonwealth presented the testimony of three (3) Philadelphia Police Officers, three (3) Philadelphia Police Detectives, and the two (2) eyewitnesses who identified [Appellant] as the man who shot [Mr. McCutchen], on July 16, 2018. [FCCs] recovered at the scene and body cam footage were also admitted into evidence.

907 Notice, Ehrlich, J., 12/2/24, at 1-2.

On June 21, 2021, this Court sentenced Appellant to an aggregate term of six (6) to twelve (12) years confinement. On July 1, 2021, Appellant filed a Post-Sentence Motion which was denied on September 20, 2021. Appellant filed a timely Notice of Appeal to the Pennsylvania Superior Court on October 16, 2021. On October 12, 2022, the Superior Court affirmed Appellant's judgment of sentence. On November 7, 2022, Appellant filed a petition for allowance of appeal to the Pennsylvania Supreme Court, which was denied on February 1, 2023.

On October 26, 2023, Appellant filed a timely *pro se* Petition for Post-Conviction Collateral Relief (PCRA) raising one (1) claim of Constitutional violation and one (1) claim of ineffective assistance of his trial counsel. Appellate Counsel was appointed and filed an amended Petition on March 15, 2024, claiming Defendant's trial counsel was ineffective for failing to file

---

[7] 18 Pa.C.S.A. § 6105

2

a pretrial motion to suppress the identifications of Defendant by the two (2) eyewitnesses – Charlmane Tripline and her minor daughter, N.T. On July 8, 2024, the Commonwealth filed a Letter in Brief requesting that Appellant's Petition be dismissed without an evidentiary hearing.

On December 12, 2024, after independently reviewing Appellant's PCRA petition, the Commonwealth's Letter in Brief, and the record, this Court determined that the issues raised by Appellant in his PCRA Petition were without arguable merit and filed a Twenty-Day Notice to Dismiss pursuant to Pa. R. Crim. P. 907.

Subsequently, on January 20, 2025, Appellant filed a timely Notice of Appeal to the Superior Court of Pennsylvania from the dismissal of his PCRA Petition without an evidentiary hearing. On January 22, 2025, this Court entered an order directing Appellant to file a Concise Statement of Errors Complained of on Appeal pursuant to Pa. R.A.P. 1925(b). On February 10, 2025, Appellant filed his 1925(b) Statement of Errors, raising the following issues for review:

1. The court was in error in denying the PCRA Petition for the following reasons:
    a. Trial Counsel was ineffective in representation of [Appellant]: For failing to litigate a motion to suppress identification. (See amended PCRA petition filed 3/15/24, p. 14-17).
2. The PCRA court was in error in failing to conduct an evidentiary hearing.

Appellant's Pa. R.A.P. 1925(b) Statement of Matters.

## Discussion

**I.      This Court properly denied Appellant's request for post-conviction relief on his claim of ineffective assistance of counsel, as Appellant's motion to suppress identification was without arguable merit.**

Appellant first alleges that this Court erred in denying his Petition because he believes that his trial counsel was ineffective for not litigating motions to suppress identification. Appellant argued that the identifications of both Ms. Tripline and her daughter, N.T., were

improperly suggestive. However, the evidence and the record both indicate that there was nothing improperly suggestive about the identifications and, therefore, any motion to suppress identification would have been without arguable merit. Accordingly, Appellant's first claim is without merit.

On appeal from the denial or grant of relief under the PCRA, the Superior Court's review is limited to determining "whether the PCRA court's ruling is supported by the record and free of legal error." *Commonwealth v. Presley*, 193 A.3d 436, 442 (Pa. Super. 2018). Counsel is presumed to be effective, and a PCRA petitioner bears the burden of proving otherwise. *Commonwealth v. Becker*, 192 A.3d 106, 112 (Pa. Super. 2018). Counsel cannot be deemed ineffective for failing to raise a meritless claim. *Commonwealth v. Jones*, 912, A.2d 268, 278 (Pa. 2006). To prevail on an ineffective assistance of counsel claim, a petitioner must plead and prove, by a preponderance of the evidence, the ineffective assistance of counsel so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place. 42 Pa.C.S.A. § 9543(a)(2)(ii).

To prove such a claim, the petitioner must assert that "(1) the underlying claim is of arguable merit; (2) counsel's action or inaction lacked any objectively reasonable basis designed to effectuate his client's interest; and (3) prejudice, to the effect that there was a reasonable probability of a different outcome at trial if not for counsel's error." *Commonwealth v. Selenski*, 228 A.3d 8, 15 (Pa. Super. 2020). Further, "the petitioner bears the burden of proving all three prongs of the test." *Commonwealth v. Turetsky*, 925 A.2d 876 (Pa. Super. 2007). The failure to establish any prong of the test is fatal to the claim. *Selenski*, A.3d at 15.

It is well settled that a defendant seeking to suppress eyewitness identification testimony must demonstrate that, under the totality of circumstances, the identification procedure was so

4

impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification. *Commonwealth v. Fisher*, 769 A.2d 1116, 1127 (Pa. 2001). Even if there was a suggestive identification procedure, however, the law is clear that a witness' in-court identification will be permitted if it has a sufficiently independent basis. *Commonwealth v. Baker*, 531 Pa. 541, 552-553, 614 A.2d 663, 668 (1992); *Commonwealth v. Holland*, 480 Pa. 202, 207, 389 A.2d 1026, 1028 (1978). The courts have specifically warned against focusing solely on alleged suggestiveness, pointing out that an overall assessment of "reliability is the linchpin in assessing the admissibility of a challenged identification." *In Interest of McElrath*, 405 Pa. Super. 431, 438, 592 A.2d 740, 743 (1991) (emphasis added).

The factors to consider in determining an independent basis are: (1) the opportunity of the witness to view the criminal at the time of the crime; (2) the witness' degree of attention; (3) the accuracy of the witness' prior description of the criminal; (4) the level of certainty demonstrated by the witness at the confrontation; and (5) the length of time between the crime and the confrontation. *Commonwealth v. Abdul-Salaam*, 544 Pa. at 529, 678 A.2d at 349; quoting *Commonwealth v. Carter*, 537 Pa. at 253-254, 643 A.2d at 71. For the reasons outlined below, Appellant's challenges to the identification testimony of Ms. Tripline and N.T. are without arguable merit, and Appellant, thus cannot establish that trial counsel was ineffective for failing to litigate a motion to suppress the identifications.

a. Appellant cannot establish that Ms. Tripline's identification was the result of an unduly suggestive identification procedure, as the Commonwealth produced sufficient evidence indicating that Ms. Tripline possessed adequate personal knowledge of Appellant which served as the basis for her identification.

In his amended Petition, Appellant argues that the police used an identification procedure which was "unduly suggestive" of Appellant in procuring Ms. Tripline's identification testimony. In support of his claim, Appellant offers the fact that Cristine Willis showed

5

responding officers a photograph of Appellant on her phone while Ms. Tripline was present. Furthermore, Appellant argues that Ms. Tripline made her identification after detectives showed her only a single photograph of Appellant.

The record first reflects that Appellant's first claim involves a misrepresentation of the evidence. In his amended Petition, Appellant characterizes Ms. Willis's showing responding officers a photograph of Appellant in Ms. Tripline presence as "unduly suggestive" conduct which influenced Ms. Tripline's later identification of Appellant. However, bodycam footage presented at Appellant's trial revealed that Ms. Tripline herself had instructed Ms. Willis to produce a photograph of Appellant on her phone and show it to responding officers, demonstrating that Ms. Tripline possessed person knowledge of Appellant's involvement in the shooting which was neither tainted nor influenced by any interaction between Ms. Willis and the responding officers.

Detective Bender's interview of Ms. Tripline further corroborated Ms. Tripline's possessing personal knowledge which served as the independent basis for her identification of Appellant. During the interview, Ms. Tripline stated that she was present on the porch when Appellant shot Mr. McCutchen. Ms. Tripline further asserted that she knew who Appellant was because he was dating Ms. Willis, and she had seen him there three (3) to four (4) times prior to the shooting at parties and cookouts hosted at the residence. N.T. 3/5/21, at 43-50, 62, 79, 83-85.

Additionally, Detective Bender stated that he only showed Ms. Tripline a single photograph of Appellant, rather than a full array, because of Ms. Tripline's assertion that she already knew Appellant and had seen him several times before. See Commonwealth v Wilkinson, 2023 WL 8643737 (Pa. Super December 14, 2023), memorandum opinion (rejecting claim that trial counsel was ineffective for not moving to suppress the identifications of two (2) witnesses

6

because police showed them a single photograph of defendant where witnesses knew defendant and therefore had independent basis for identifying him).; *Commonwealth v. Jones*, 426 11 A.2d 1167, 1170-71 (Pa. Super. 1981) (finding no merit to an allegation that identification testimony was tainted, where the witness knew the defendant prior to the robbery, viewed him at close range, and identified him by name prior to being shown a single photo). Further, Detective Bender affirmed that Ms. Tripline positively identified Appellant from the photograph as the person she saw shoot Mr. McCutchen. *Id.* at 125, 128, 130.

Appellant, thus, cannot establish the existence of any unduly suggestive identification procedure because the Commonwealth offered ample evidence in support of the reliability of Ms. Tripline's identification. As Appellant cannot demonstration that any motion to suppress Ms. Tripline's identifications would have been successful, Appellant's claim lacks arguable merit.

  b. <u>Appellant cannot establish that N.T.'s identification testimony was the result of an unduly suggestive procedure as the Commonwealth produced ample testimony supporting the reliability of N.T.'s identification.</u>

In his amended Petition, Appellant further challenges the identification procedure used to obtain N.T.'s identification of Appellant. Appellant argues that, because Ms. Tripline made her identification of Appellant in the presence of N.T., it was improperly suggestive and influential of N.T.'s own identification. However, the record reflects no support for Appellant's claim.

The record first reflects that Ms. Tripline was in the room with N.T for her identification, because N.T. was only eight (8) years old at the time of her interview. Furthermore, at Appellant's trial, Detective Johnson – the officer who showed N.T. the photographic array – testified that, while Ms. Tripline and N.T. were in the same room during N.T.'s interview, the two (2) were seated at different desks. Furthermore, Detective Johnson stated that Ms. Tripline was not involved in her daughter's interview. Detective Johnson stated that N.T. seemed to

7

understand the process and was able to immediately identify Appellant from the photographic array that he presented to her. N.T. 3/8/21, at 28-29.

Considering the ample evidence the Commonwealth produced in support of the reliability of N.T.'s identification testimony, Appellant has failed to demonstrate that the procedure used to obtain N.T.'s identification was unduly suggestive. Appellant, thus, cannot establish that any motion to suppress either N.T.'s or Ms. Tripline's identification testimony would have been successful. Appellant's challenges, therefore, lack arguable merit, and Appellant's ineffective assistance of counsel claim fails.

## II.     This Court properly exercised its discretion by dismissing Appellant's Petition without a hearing.

Lastly, Appellant alleges that this Court erred in dismissing his Petition without holding an evidentiary hearing. The PCRA Court has the discretion to dismiss a Petition without a hearing if the court is satisfied, after thoroughly reviewing the Petition, the Answer and any other relevant information of record, "that (1) there are no genuine issues concerning any material fact, (2) the defendant is not entitled to post-conviction collateral relief, and (3) no legitimate purpose would be served by further proceedings." *Commonwealth v. Roney*, 79 A.3d 595, 604 (Pa. 2013) (citation omitted); Pa.R.Crim.P 907(1). Thus, to obtain reversal of a PCRA court's decision to dismiss a petition without a hearing, an appellant must show that he raised a genuine issue of fact which, if resolved in his favor, would have entitled him to relief, or that the court otherwise abused its discretion in denying a hearing." *Roney, supra* at 604-05. (citation omitted).

This Court, in addressing the crux of Appellant's direct appeal above, has already addressed the merit of Appellant's Petition. As this Court has already concluded, the claims raised by Appellant in his Petition were without arguable merit. When this Court issued its 907 Dismissal Notice, it noted that Appellant's Petition contained no genuine issues of material fact,

8

and that Appellant was not entitled to post-conviction collateral relief. Further, the issuance of the 907 itself indicated this Court's belief that no legitimate purpose would be served by further proceedings. A review of the record, Appellant's Petition, the Commonwealth's answer, and all other relevant information, leads this Court to reach the same conclusion. Therefore, this Court did not abuse its discretion by dismissing Appellant's Petition, and, accordingly, Appellant's claim that this Court abused its discretion is without arguable merit.

Upon review of the record, and in light of the ample evidence the Commonwealth introduced in support of Appellant's conviction, this Court finds that Appellant's argument falls short of demonstrating that his trial counsel was ineffective for not litigating a motion to suppress identification. As such, Appellant cannot establish that there is a genuine issue of fact which, if resolved in his favor, would have entitled him to relief, or that this Court otherwise abused its discretion dismissing his PCRA petition without holding a hearing. Appellant's claim is, therefore, without merit, and no relief is due.

## Conclusion

In summary, this Court has carefully reviewed the entire record and finds no harmful, prejudicial, or reversible error and nothing to justify the granting of Appellant's request for relief. For the reasons set forth above, the judgment of the trial court should be affirmed.

By the Court:

_____
HONORABLE CHARLES A. EHRLICH

_____
Date

9